In the Matter of ANNIE LITTMAN, Respondent.
JOSEPH A. BRODERICK, as Superintendent of Banks,
Appellant.

(Argued February 11, 1932; decided March 3, 1932.)

Joseph F. Hunter, Warren C. Fielding, Julius L. Neidle and Carl J. Austrian for appellant. The relation between the bank and the claimant was that of debtor and creditor and not that of bailor and bailee. (*Legniti* v. *Mechanics & Metals Nat. Bank,* 230 N. Y. 415; *Safian* v. *Irving Nat. Bank,* 202 App. Div. 459; 236 N. Y. 513; *Beecher* v. *Cosmopolitan Trust Co.,* 239 Mass. 48; *Katcher* v. *American Express Co.,* 94 N. J. L. 165; *Taussig* v. *Carnegie Trust Co.,* 156 App. Div. 519; 213 N. Y. 627; *Kuehne* v. *Union Trust Co.,* 133 Mich. 602; *Equitable Trust Co.* v. *First Nat. Bank,* 275 U. S. 359.) Even if a special deposit agency or other fiduciary relationship were undertaken by the bank, the claimant must fail for lack of identification of her alleged property. (*Matter of Cavin* v. *Gleason,* 105 N. Y. 256; *Matter of Hicks,* 170 N. Y. 195; *Madison Trust Co.* v. *Carnegie Trust Co.,* 215 N. Y. 475; *Atkinson* v. *Rochester Printing Co.,* 114 N. Y. 168; *Fur & Wool Trading Co.* v. *Fox, Inc.,* 245 N. Y. 215; *Whiting* v. *Hudson Trust Co.,* 234 N. Y. 394; *Butler* v. *Sprague,* 66 N. Y. 392; *Ferris* v. *Van Vechten,* 73 N. Y. 113; *Roca* v. *Byrne,* 145 N. Y. 182; *Blair* v. *Hill,* 50 App. Div. 33; 165 N. Y. 672.)

Abraham Feit for respondent. The original transaction between the bank and the claimant resulted in a special deposit and not in a relationship of debtor and creditor. (*Cutler* v. *American Exchange Nat. Bank,* 113 N. Y. 593; *Zotti* v. *Flynn,* 135 App. Div. 276; *Musco* v. *United Surety Co.,* 132 App. Div. 300.) The relationship between the

claimant and the Superintendent of Banks is that of bailor and bailee. (*Matter of Union Bank*, 204 N. Y. 313; *Matter of Bank of Cuba*, 198 App. Div. 733.)

O'BRIEN, J.  Sixteen hundred dollars was deposited by Annie Littman in the Bank of United States at New York for transmission by cable or radio to the credit of Berko Polejes at Havana.  The amount so received by the bank was not segregated from its general assets but was mingled with them.  The next day the bank sent a cable message to its Havana correspondent, the Royal Bank of Canada, directing it to pay $1,600 to Polejes and credited that sum to the general account of the Royal Bank's agency at New York.  By letter dated December 10, 1930, the manager of the Royal Bank at Havana notified the Bank of United States at New York that Polejes had requested the return of the order and by letter dated December 12, the Royal Bank formally gave notice that, at the request of Polejes, it had canceled the cable transfer.  On December 11, before these communications had been received at New York, the Superintendent of Banks, pursuant to section 57 of the Banking Law (Cons. Laws, ch. 2), took over the affairs of the Bank of United States for the purpose of liquidating them, and on January 2, 1931, the general account of the New York agency of the Royal Bank was debited with the amount of $1,600.  The effect, of course, was to re-transfer the credit to the Bank of United States.  The question is whether this sum, as part of the assets now in the possession of the Superintendent of Banks as liquidator, is in the nature of a special deposit as a bailment or trust fund or whether it constitutes part of the general assets of the bank.

This bank had a credit with a correspondent in a foreign country.  It accepted a sum of money and mingled it with its other deposits, receipted for it and contracted to transmit by cable an order for an identical amount to

be credited or paid by its foreign correspondent to the person named as recipient in the contract. In this instrument the one making the deposit is denominated "purchaser." The Bank of United States for compensation sold to Annie Littman part of its credit with the Royal Bank. It was credit, not money, which was transferred to Havana and again returned to New York. If, instead of contracting to send an order by cable, the bank had agreed to draw a draft or check upon its correspondent at Havana and had delivered such an instrument to Annie Littman, the transaction would have constituted nothing more than a sale of its credit to her, as purchaser, and in that event the money deposited by her would have become the bank's money and would have established merely the status of debtor and creditor but no trust relationship. The circumstance that the credit was sold by cable rather than by draft or check does not mark a distinction in principle and the fact that the credit was rejected by the payee and returned to the bank leaves the transaction in the same state as if the order had never been sent. In the absence of identification of a particular fund, the money still belongs to the bank and the relationship of debtor and creditor remains. (*Legniti v. Mechanics & Metals Nat. Bank*, 230 N. Y. 415.) The bank owes respondent $1,600. Her rights do not differ from those of other general depositors.

The order of the Appellate Division should be reversed and that of the Special Term affirmed with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Ordered accordingly.